UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE BOURNE,

        Plaintiff,

v.                                 Case No. 10-11592

THE BANK OF NEW YORK AS TRUSTEE,
et al.,

        Defendants.
                                          /

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending before the court is a "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)," filed on May 17, 2010, by Defendants The Bank of New York as Trustee ("BONY")[1] and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff has not filed a response, and Plaintiff's time for filing a response has expired. A hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion.

This action arises out of a mortgage Plaintiff granted to MERS as nominee for America's Wholesale Lender to secure an adjustable rate note in the amount of $475,000. (Pl.'s Compl. ¶ 6, Ex. A.) Plaintiff's broker for the loan was Lori Veliu of 1st Premier Mortgage Co., Inc., who allegedly represented to Plaintiff that the loan would

---

[1] Defendants note that Plaintiff erroneously named "The Bank of New York as Trustee" as a defendant when the actual party is "The Bank of New York Mellon, formerly known as The Bank of New York as Trustee for the Certificateholders CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-3 Mortgage Pass-Through Certificates, Series 2006-3." (Defs.' Mot. at 2.)

have a fixed interest rate and that Plaintiff would not have to pay private mortgage insurance.  (*Id.* ¶ 6.)  At the closing, however, Plaintiff learned that she "was being put into an adjustable rate mortgage" and that "PMI insurance was in fact imposed on her loan." (*Id.*)  Plaintiff signed the loan documents, including an"Adjustable Rate Note," because she "did not feel she had any choice."  (*Id.* ¶ 6, Ex. B.)

Plaintiff defaulted on her loan, and on July 24, 2008, the property was sold at a sheriff's sale to MERS as nominee for the lender.  (*Id.* ¶ 6.)  On July 29, 2008, MERS executed a quit claim deed to BONY.  (*Id.*)  Plaintiff's redemption period expired on January 24, 2009.  (*Id.*)  Over a year later, on April 1, 2010, Plaintiff filed a complaint in Washtenaw County Circuit Court alleging four counts: (1) "Chain of Title Not Established," (2) "Quiet Title," (3) "Fraud in the Inducement," and (4) "Violation of the Michigan Mortgage Brokers, Lenders and Servicers Act."

Defendants filed a notice of removal on April 20, 2010, and a motion to dismiss on May 17, 2010.  Defendants argue that Plaintiff's claims should be dismissed for the following reasons:

> (1) the foreclosure sale was valid; (2) plaintiff[ has] failed to allege the elements of a claim to quiet title as required by MCR 3.411; (3) plaintiff[']s fraud claims are preempted by the National Bank Act; (4) plaintiff failed to plead fraud with the required particularity; (5) plaintiff failed to allege any misrepresentations made by defendants; (6) plaintiff's reliance on the representations was not reasonable; (7) plaintiff's fraud claims are barred by the statute of frauds; and [(8)] plaintiff fails to allege an act of defendants in violation of the MBLSLA.

(Defs.' Mot. Br. at 2.)

The court is satisfied that Defendants' motion has an adequate basis in fact and law.  Construing the complaint in a light most favorable to Plaintiff and accepting all the factual allegations as true, the court concludes that Plaintiff has failed to state a claim

upon which relief can be granted.  In the absence of a response or opposition by

Plaintiff, the court will grant Defendants' motion.  Accordingly,

    IT IS ORDERED that Defendants' "Motion to Dismiss" [Dkt. # 11] is GRANTED.

                                             S/Robert H. Cleland
                                             ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2010, by electronic and/or ordinary mail.

                                             S/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522